IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | 2:11-cr-197 |
| ) | |
| KEDRIN LEE TURNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition are the following pretrial motions that have been filed by Defendant: MOTION TO COMPEL DISCLOSURE OF IMPEACHMENT MATERIAL AND EXCULPATORY EVIDENCE (Doc. No. 29); MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) (Doc. No. 30); and MOTION TO RETAIN AND PROVIDE ROUGH NOTES (Doc. No. 31). On August 24, 2011, a one count indictment was returned by the Grand Jury which charged Defendant with being a felon in possession of a firearm or ammunition on or about June 24, 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Government has responded to each motion (Doc. Nos. 32, 33, and 34). The motions are ripe for disposition.

**Analysis**

1. <u>Motion to Compel Disclosure of Impeachment Material and Exculpatory Evidence</u> (Doc. No. 29)

Defendant seeks a host of items under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). The government's obligation to make available pretrial discovery materials in criminal cases is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Outside of Rule 16, the Jencks Act (18 U.S.C. § 3500), and *Brady* and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545,

559 (1977). The Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Those rights conferred by rule, statute, and case law, however, cannot be used to compel the United States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti*, 412 F.2d 407, 411 (3d Cir.), cert. denied, 396 U.S. 837 (1969).

The Court notes that it interprets relevant case law of the Court of Appeals for the Third Circuit as encouraging the early disclosure of all exculpatory evidence, including strictly impeachment evidence. *See United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (re-affirming appellate court's longstanding policy which encourages early production of *Brady* material); *United States v. Kaplan*, 554 F.2d 577, 578 (3d Cir. 1977) ("we disapprove and discourage a practice of delayed production"); *Government of the Virgin Islands v. Ruiz*, 495 F.2d 1175, 1179 (3d Cir. 1974) (encouraging "an affirmative policy of prompt compliance"). Local Criminal Rule 16(c) requires "subject to a continuing duty of disclosure, the government shall notify the defendant of the existence of exculpatory evidence, …" For the purpose of compliance with this Memorandum Order, "exculpatory evidence" as referenced in Local Criminal Rule 16(c) is defined by the Court based on case law as follows:

> all material information favorable to the accused because it tends to: (1) cast doubt on the defendant's guilt as to any essential element in any count in the indictment or information; (2) cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731; (3) cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or (4) diminish the degree of the defendant's culpability or defendant's Offense Level under the United States Sentencing Guidelines.

At the outset, the Court notes that with its responses to the pre-trial motions, the government has acknowledged its discovery obligations under *Brady* and its progeny, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act. The Court is confident that the government is well aware of its due process continuing obligation to provide all exculpatory material in its files to Defendant, including *Brady* / *Giglio* impeachment evidence, and that it takes that obligation seriously and will faithfully discharge its duty without "tacking too close to the wind." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995).

    a.    *Brady* material

Defendant requests that all *Brady* material be disclosed forthwith, and the balance of the requested evidence ten (10) days prior to trial. Doc. No. 29. The government has represented that it has complied with its *Brady* obligation in this case, and, in fact, is unaware of any *Brady* material. Doc. No. 33. Nevertheless, it acknowledges its continuing duty to make *Brady* disclosures, and further notes the timing of any potential future *Brady* material. The government represents that "[t]o the extent that the government has not already voluntarily done so as of that point, the government agrees to exchange with the defense any remaining required Rule 16, *Brady* or *Giglio* material at the time it that Jencks material is disclosed." Doc. No. 33.

Accordingly, Defendant's request for *Brady* material is DENIED WITHOUT PREJUDICE. The Court further ORDERS that the Government shall provide to defense counsel copies of any *Brady* / *Giglio* impeachment information not previously disclosed at least ten (10) days in advance of the commencement of trial. The government is reminded of the mandate from our appellate court that "prosecutors have an obligation to make a thorough inquiry of all enforcement agencies that ha[ve] a potential connection with the[ir] witnesses." *United States v.*

*Risha*, 445 F.3d 298, 304 (3d Cir. 2006) (citing *United States v. Thornton*, 1 F.3d 149, 158 (3d Cir. 1993)). *See also United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008).

      b.     <u>Jencks material</u>

Beyond that which would be considered *Brady* material, Defendant seeks "immediate" disclosure of impeachment material pertaining to the government's anticipated trial witnesses and/or non-witness declarants whose statements are to be offered into evidence. Generally, the statements of third parties, whether alleged co-conspirators, prospective government witnesses, or individuals whose statements can be attributed to a defendant for evidentiary purposes, are not automatically subject to pretrial disclosure under Federal Rule of Criminal Procedure 16(a)(1)A) as "statements of defendant."

The statements made by co-conspirators who will testify at trial are governed by the Jencks Act. The government acknowledges its responsibilities under the Jencks Act, and has represented that to the extent it has not already done so, it will "voluntarily turn over Jencks Act materials during the week prior to trial to ensure that unnecessary interruptions or delays are avoided if the defense agrees to reciprocate at the same time."

Because the Jencks Act does not allow the Court to order the disclosure of statements of prospective government witnesses prior to trial, the Court cannot order the government to produce to Defendant at this time statements of co-conspirators who will testify at trial. Accordingly, the Defendant's request for statements of testifying co-conspirators is DENIED WITHOUT PREJUDICE. However, the Court strongly encourages the government to produce all Jencks Act material in sufficient time to avoid delays at trial.

As to non-testifying co-conspirators, the government is not required to disclose the statements of non-testifying co-conspirators unless those statements qualify as *Brady*, *Giglio*, or

Jencks material. *See United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996); *United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987). Accordingly, the Defendant's request for statements of non-testifying co-conspirators is DENIED WITHOUT PREJUDICE.

2.  Motion Requesting Notice Pursuant to Rule 404(b)  (Doc. No. 30)

Defendant requests the disclosure of evidence of other crimes, wrongs or acts that the government intends to introduce at trial, pursuant to Fed. R. Evid. 404(b). In response, the government has provided a description of various facts and evidence surrounding the indicted offense. Doc. No. 34. Defendant was charged with possessing a semi-automatic pistol on June 24, 2010, despite having been previously convicted of the twelve (12) separate felonies listed in the indictment. According to the government, reports were provided to Defendant prior to his arraignment regarding the traffic stop of Defendant, who was driving a black Nissan Armada vehicle at the time, that subsequently resulted in a foot chase and apprehension of Defendant on the indicted charge. One of Defendant's passengers was also arrested on an outstanding warrant, and an inventory search of Defendant's vehicle was conducted. The firearm was subsequently tested by the government and matched to the same weapon that was used in a shooting of two vehicles on November 29, 2009. The fourteen (14) spent casings found at the scene of that shooting caused fourteen (14) bullet holes in one of the vehicles. According to the government, five of those fourteen spent casings were fired from the weapon possessed by Defendant on June 24, 2010.

The government represents that it has provided Defendant with reports of the three other firearms convictions indicated in the indictment, nine drug felony convictions, as well as other criminal history information, including information pertaining to an arrest for illegal possession of a firearm and a drug offense on December 20, 2005 and arrests for drug offenses in 1993,

1994, 1996, 1999, and 2000. The government also describes an incident that occurred on April 6, 2010, in which 18 year old Stephon Green was murdered. Defendant has been identified by several individuals as being with the shooter before and during the murder. According to the government:

> Turner's actions include, but are not limited to, allowing the murderer to change clothing in his vehicle just moments prior to the shooting and allowing the murderer to hide behind his black Nissan Armada vehicle (peppered with bullet holes with tape over them) to ambush the victim. Turner walks over to the victim's body just after the shooting, satisfies himself that the victim is dead and then slowly drives his vehicle away prior to the arrival of the police. Turner is stopped while driving the black Nissan Armada shortly thereafter and was taken to the Pittsburgh Police Homicide Office for an interview with Detectives. The government will not use the statements Turner made to police against him in this matter. Co-actor Ernest "Pickles" Harris told police that Turner was there to participate in a drug transaction.

Doc. No. 34 at 3 - 4.

Taken as a whole, the government represents that, "[a]lthough the government has not yet identified all 404(b) evidence that it intends to introduce at trial, significant amounts of discovery have already been provided which indicate the defendant's involvement in the above crimes, wrongs or acts that will be introduced." Doc. No. 34 at 5.

Rule 404(b) requires reasonable notice in advance of trial and the Court finds that fourteen (14) days in advance of the commencement of trial appears to be reasonable under the circumstances. Accordingly, the Court ORDERS that the Government shall provide to defense counsel notice of any 404(b) evidence it intends to introduce at trial at least fourteen (14) days in advance of the commencement of trial.

3. <u>Motion to Retain and Provide Rough Notes</u> (Doc. No. 31)

Defendant moves for an Order directing all government agents and all local investigative personnel involved in any aspect of this case to retain and preserve all notes made during the

course of the investigation in this case. Doc. No. 31. In response, the government has agreed to request officers to retain their rough notes and provide them to the government for review. Doc. No. 32.

The Court of Appeals for the Third Circuit requires that the government retain rough notes and writings. In *United States v. Ramos*, 27 F.3d 65, 68-69 (3d Cir. 1994), the Court reaffirmed its prior directives that the government preserve all notes of interviews with witnesses in criminal cases and rough drafts of investigative reports. *Id.* (citing *United States v. Vella*, 562 F.2d 275, 276 (3d Cir.1977); *United States v. Ammar*, 714 F.2d 238, 258-59 (3d Cir.), *cert. denied*, 464 U.S. 939 (1983)). Therefore, Defendant's motion is GRANTED and all law enforcement officers in this case are hereby ORDERED to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

So **ORDERED** this 12th day of March, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Charles J. Porter , Jr., Esquire**
Email: Cjporterjr@aol.com

**Ross E. Lenhardt, AUSA**
Email: Ross.Lenhardt@usdoj.gov